## VAN DEVENTER *vs.* STIGER and wife.

1. Final decree set aside and defendants let in to answer, on proof of surprise.

2. A complainant who holds a bond and mortgage given to him by the mortgagor, as collateral security merely, for a debt alleged to be due to him

from the latter, should, in proceedings for the foreclosure of the mortgage, prove his debt, and if it be less than the amount due on the mortgage, take a final decree for the amount of his debt and interest only.

---

On motion to set aside execution and final decree, and let in the defendants to answer.

*Mr. J. R. English* and *Mr. B. Williamson*, for the motion.

*Mr. W. J. Magie*, contra.

THE CHANCELLOR.

The bill in this case was filed to foreclose a mortgage on land in Union county. The mortgage is dated March 12th, 1870, and was made by the defendants, Stiger and wife, to Theodore Y. Bainbridge, without consideration, but nominally, to secure the payment of $2475, with interest. At Stiger's request, Bainbridge assigned it to the complainant, to indemnify the latter against his liability as endorser for the accommodation of Stiger on a promissory note for $1000. That note, having been paid by Stiger, the bond, mortgage and assignment were, as he alleges, delivered up to him by the complainant. Stiger states that he was desirous of having the mortgage foreclosed, in order to clear the title of the mortgaged premises from liability to embarrassment, by reason of a transaction, subsequent to the giving of the mortgage, in which he had conveyed the property, but had afterwards rescinded the contract, taking no reconveyance, however, because he understood that the deed, which was by the terms of the rescission to be delivered up to him to be cancelled, had not been recorded. He subsequently discovered that it had been recorded. He alleges, that the complainant consented that the mortgage should be foreclosed in his name, to enable Stiger to accomplish this object, and that he was surprised to find, as he did, after the suit had been commenced, that the complainant insisted that there was something due

him from Stiger, for which the mortgage stood as security, by virtue of an alleged agreement between them. The complainant states that after the $1000 were paid, he retained the bond, mortgage and assignment in his hands, under an agreement between him and Stiger, that they should stand as security to him for $2400, due him from Stiger.

It appears clearly from the evidence, that the suit was instituted at Stiger's request, with, on his part, the design above stated; that subsequently, the claim which the complainant made under it, was wholly denied by Stiger, and that he and the complainant had two or three meetings on the subject of the alleged indebtedness, which was affirmed on the one side and wholly and strenuously denied on the other side; that at the last of these meetings, which was shortly before the final decree was entered, no conclusion was reached, Stiger proposing to endeavor to find some important papers of his relating to the business, which he had mislaid; that through the urgency of the complainant, his solicitor, without Stiger's knowledge of his intention to do so, proceeded to final decree and execution, and that Stiger first learned of this action on the part of the complainant, from the sheriff's advertisement of sale in the newspapers, and thereupon, without delay, applied to this court to open the decree. It also appears, that the complainant made no proof of his claim, but took a decree for the whole amount of the principal of the mortgage, with interest thereon, from the date of that instrument, March 12th, 1870, while the principal of his demand, according to his own statement, consisted of debts contracted in August and October, 1871, amounting in all, to $2400, less by $75 than the principal of the mortgage. So that, to say nothing of the objectionable frame of his bill, if he were entitled to the decree *pro confesso*, he is not entitled to the final decree which he has entered, for he should have caused an account to be taken of the amount due him on the claim, as collateral to which, as he alleges, he holds the mortgage in suit, and for the amount shown to be due to him by that account, he should have entered a decree and issued execution. Instead

of that, he has taken a decree and issued execution for the sum due according to the terms of the mortgage, an amount considerably greater than his demand, according to his own statement of it.

These facts are sufficient grounds for setting aside the execution and decree and letting the defendants in to answer.

There will be an order accordingly, with costs.